Battle, J.
 

 The case agreed seems to have been intended to present but a single question for the opinion of the Court: which is, whether all the defendant’s hands, except three, had been "properly exempted by the County Court from working on the public road. But the defendant’s counsel now, raises another question, whether the County Court, in which this suit commenced, had jurisdiction of it; insisting that it had not;, and that neither the consent of
 
 *233
 
 parties, nor a waiver of the objection, could confer such jurisdiction ; and that the Court, the instant it perceived that it was exercising a power not granted, ought to have stayed its action, and given judgment against the plaintiff. Eor this last objection, tlie case of Branch v. Houston, Bus. 85, is cited and relied on; but it will be readily perceived that the principle of that case does not apply to the present* Supposing that the 10th and 11th sections of the 104th chapter of the Revised Statutes made it necessary for the plaintiff to commence his action against the defendant for ninety dollars, as a penalty for failing to send his hands to work on the public road, by a warrant before a single magistrate, (which we do not admit,) yet the defendant could not object to the jurisdiction of the County Court, except by plea in abatement, as is expressly provided in the 40th and 41st sections of the 31st chap, of the Revised Statutes. In truth, we think the County Court had jurisdiction of the cause,, the suit being for a penalty of more than sixty dollars. And the 10th and 11th sections of the 104th chapter of the Revised Statutes, above referred to, must be confined to warrants before a single magistrate for penalties' less than that sum.
 

 The other question is clearly against the defendant. The power to exempt hands from working on the public roads is, by the express provisions of the 12th section of the above mentioned 104th chapter, restricted to a Court consisting of seven Justices. The authority being special, three Justices only could not exercise it, and as the record shows that only three were present, their orders to exempt the defendant’s hands were void. State v. Wall, 2 Ired. 267, 272, and State v. Powell, Ibid. 275.
 

 The judgment must be affirmed.